IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTARLIO DABNEY,

    Petitioner,                      No. CIV S-11-1142 DAD P

    vs.

GARY SWARTHOUT,

    Respondent.                    ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. Petitioner has also consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). See Doc. No. 3.

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases. Thus, Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)). Moreover, the Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition

1

for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

In his April 28, 2011 petition, petitioner challenges the August 27, 2009 decision by the Board of Parole Hearings to deny him parole. (Doc. No. 1 at 21-44.) Petitioner claims that the Board's decision violated his right to due process because it was not supported by "some evidence" that he posed a current danger to society if released from prison, as required under California law. Petitioner also claims that the Board's failure to find him suitable for release on parole violates the Eighth Amendment proscription against cruel and unusual punishment. A review of the record before the court reflects that petitioner's allegations plainly do not entitle him to habeas corpus relief. Accordingly, his petition will be dismissed pursuant to habeas Rule 4.

A.   Petitioner's Due Process Claim

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted

1  person to be conditionally released before the expiration of a valid sentence."). However, a
2  state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release
3  will be granted" when or unless certain designated findings are made, and thereby gives rise to a
4  constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

5  California's parole scheme gives rise to a liberty interest in parole protected by the
6  federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th
7  Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v.
8  Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in
9  this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639
10 F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that
11 California law creates a liberty interest in parole.") In California, a prisoner is entitled to release
12 on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence,
13 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

14 In Swarthout, the Supreme Court reviewed two cases in which California
15 prisoners were denied parole - in one case by the Board, and in the other by the Governor after
16 the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that
17 when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment
18 requires fair procedures, "and federal courts will review the application of those constitutionally
19 required procedures." Id. at 862. The Court concluded that in the parole context, however, "the
20 procedures required are minimal" and that the "Constitution does not require more" than "an
21 opportunity to be heard" and being "provided a statement of the reasons why parole was denied."
22 Id. (citing Greenholtz, 442 U.S. at 16). The Supreme Court therefore rejected Ninth Circuit
23 decisions that went beyond these minimal procedural requirements and "reviewed the state
24 courts' decisions on the merits and concluded that they had unreasonably determined the facts in
25 light of the evidence." Swarthout, 131 S. Ct. at 862. In particular, the Supreme Court rejected
26 the application of the "some evidence" standard to parole decisions by the California courts as a

component of the federal due process standard.  Id. at 862-63.[1]  See also Pearson, 639 F.3d at 1191.

As noted above, petitioner seeks federal habeas relief on the grounds that the Board's 2009 decision to deny him parole, and the findings upon which that denial was based, were not supported by "some evidence" as required under California law.  However, under the Supreme Court's decision in Swarthout this court may not review whether California's "some evidence" standard was correctly applied in petitioner's case.  131 S. Ct. at 862-63; see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011) (under the decision in Swarthout, California's parole scheme creates no substantive due process rights and any procedural due process requirement is met as long as the state provides an inmate seeking parole with an opportunity to be heard and a statement of the reasons why parole was denied); Pearson, 639 F.3d at 1191 ("While the Court did not define the minimum process required by the Due Process Clause for denial parole under the California system, it made clear that the Clause's requirements were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.'")

/////

---

[1] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four years the Ninth Circuit had consistently held that in order to comport with due process a state parole board's decision to deny parole had to be supported by "some evidence," as defined in Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability.  See Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

1    The federal habeas petition pending before the court in this case reflects that
2 petitioner was represented by counsel at his 2009 parole suitability hearing. (Doc. 1 at 65.) The
3 record also establishes that at that hearing petitioner was given the opportunity to be heard and
4 received a statement of the reasons why parole was denied by the Board panel. (Id. at 65-151.)
5 That is all the process that was due petitioner under the Constitution. Swarthout, 131 S. Ct. 862;
6 see also Miller, 642 F.3d at 716; Roberts, 640 F.3d at 1046; Pearson, 639 F.3d at 1191.
7 Accordingly, petitioner's due process claim should be summarily dismissed.

       B.   Petitioner's Eighth Amendment Claim

        Petitioner alleges that his "continued incarceration by the Board of Parole Hearings has violated the Eighth Amendment of the U.S. Constitution, becoming cruel and unusual punishment." (Doc. 1 at 14.) He argues that a prisoner sentenced to a life term "cannot be kept in prison for a period disproportionate to his offense." (Id.) Petitioner states that, at the time of the August 27, 2009 parole hearing, he had served "more than 35 years total constructive time credits" on his conviction for first degree murder. (Id.) Petitioner also explains that the crime for which he was convicted was "for the murder of a single individual who was shot by petitioner's co-defendant." (Id. at 47.) Petitioner claims:

> The finding of unsuitability, the rehashing and thrashing of petitioner with the crime followed by a finding of unsuitability and suggestions for improvement which petitioner has already fulfilled is punitive, emotionally emasculating, and serves no other purpose than to denigrate the inmate participant. This regressive system makes demands by having inmates jump through hoops to comply, only to smack him down in 99% plus of the time. Since statistics show that lifer's recidivist only 2-3% and the general criminal population 73% the present plan to decrease inmate population will fail. This is cruel and unusual punishment under the California Constitution, and U.S. Constitution.

(Id. at 18, 47.)

        The United States Supreme Court has held that the Eighth Amendment includes a "narrow proportionality principle" that applies to terms of imprisonment. See Harmelin v. Michigan, 501 U.S. 957, 996 (1991) (Kennedy, J., concurring). See also Taylor v. Lewis, 460

1  F.3d 1093, 1097 (9th Cir. 2006). However, successful challenges in federal court to the
2  proportionality of particular sentences are "exceedingly rare." Solem v. Helm, 463 U.S. 277,
3  289-90 (1983). See also Ramirez v. Castro, 365 F.3d 755, 775 (9th Cir. 2004). "The Eighth
4  Amendment does not require strict proportionality between crime and sentence. Rather, it
5  forbids only extreme sentences that are 'grossly disproportionate' to the crime." Harmelin, 501
6  U.S. at 1001 (Kennedy, J., concurring) (citing Solem v. Helm). In Lockyer v. Andrade, 538 U.S.
7  63, 75 (2003), the United States Supreme Court held that it was not an unreasonable application
8  of clearly established federal law for the California Court of Appeal to affirm a "Three Strikes"
9  sentence of two consecutive 25 year-to-life imprisonment terms for a petty theft with a prior
10 conviction involving theft of $150.00 worth of videotapes. In Ewing v. California, 538 U.S. 11,
11 29 (2003), the Supreme Court held that a "Three Strikes" sentence of 25 years-to-life in prison
12 imposed on a grand theft conviction involving the theft of three golf clubs from a pro shop was
13 not grossly disproportionate and did not violate the Eighth Amendment.

14         Here, petitioner was sentenced in 1982 to twenty-seven years to life in prison on
15 his conviction for first degree murder with use of a firearm. (Doc. No. 1 at 1.) The Board's 2009
16 decision finding petitioner unsuitable for parole essentially resulted in petitioner's continued
17 incarceration on his life sentence. Neither petitioner's sentence of twenty-seven years to life, nor
18 the Board's decision in 2009 that petitioner was unsuitable for release on parole at that time, fall
19 within the type of "exceedingly rare" circumstance that constitutes a violation of the Eighth
20 Amendment. In light of the U.S. Supreme Court's decision in Harmelin, wherein the petitioner
21 received a sentence of life in prison without the possibility of parole for possessing 672 grams of
22 cocaine, as well as that court's decisions in Andrade and Ewing, which imposed sentences of
23 twenty-five years to life for petty theft convictions, the sentence imposed on petitioner for first
24 degree murder cannot be said to be grossly disproportionate to his crime of conviction. Under
25 the circumstances of this case, petitioner's allegations do not state a viable claim for a violation
26 /////

1 of the Eighth Amendment.  See Grant v. Swarthout, No. 2:06cv02842-RCT, 2010 WL 3941926,

2 at *2 (E.D. Cal. Oct. 6, 2010).[2]

### CONCLUSION

Accordingly, the pending petition will be dismissed because it plainly appears from the face of the petition and the exhibits annexed to it that the petitioner is not entitled to relief on his claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application for writ of habeas corpus (Doc. No. 1) is dismissed; and

2. This action is closed.

DATED: July 19, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
dabney1142.100

---

[2] In the body of his petition, petitioner makes the following statement: "In addition U.S. Constitutional issues in particular the Fifth and Fourteenth Amendments due process rights, and equal protection rights, Eighth Amendment right to be free from cruel and unusual punishment, and the terms of his plea agreement have been violated." (Doc. No. 1 at 41.)  The court has addressed petitioner's due process and Eighth Amendment claims above.  The quoted language from the pending petition is vague, conclusory, and unsupported by facts or argument, and is therefore insufficient to state a claim for habeas relief based on a violation of the terms of petitioner's plea agreement, if any, or on a violation of the Equal Protection Clause of the Fourteenth Amendment.  Accordingly, any such claims are also summarily dismissed.